## CAROL GAYTES

*v.*

## THE FRANKLIN SAVINGS BANK.

1. PARTIES—*specific performance.* Where property is sold by a trustee under a power in a deed of trust given to secure the holders of bonds and coupons, and the purchaser files a bill for specific performance to compel the trustee to execute a deed, the holders of the bonds, being the real parties in interest, are indispensable parties.

2. DECREE—*who bound by.* No one is bound by a decree in a suit to which he is not a party, nor by a decree against another party, although acting in his behalf, who has no real interest in the subject matter of the litigation.

3. OPENING DECREE—*in favor of one not made a party.* Where a decree is rendered affecting the interest of one not made a party, and he files a bill, whether of review on account of want of necessary parties, or as a bill for general relief, the original decree may be opened, and such party let in to defend as though he had been made a party defendant, but this is all the relief he is entitled to.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

On the 22d day of May, 1874, Carol Gaytes filed his bill in the Superior Court, against Mahlon D. Ogden, in which it is alleged, the Riverside Improvement Company had issued its bonds in the sum of $50,000, payable to bearer, and secured the same by trust deed in the usual form, containing power of sale, in which Ogden was trustee for such parties as should become owners of the indebtedness. Default having been made, Ogden, at the instance of parties directly interested, advertised the property embraced in the trust deed for sale, to pay the indebtedness secured; and, at that sale, it is alleged, two lots were struck off to Gaytes on his bid, a written memorandum made of the sale, and that he tendered the amount of his bid, but the trustee refused to make him a deed. The original bill was for a specific performance of that alleged contract. Ogden and the Chicago and Northwestern Railway Company were made defendants, and served with process.

Holders of indebtedness secured by trust deed were not made parties, and the reason alleged in the bill for such omission is, they were unknown. No defense was made by either defendant to that bill, and, on default of defendants being entered, the cause was referred to a master, and, on coming in of his report, the court rendered a decree on the testimony reported, in accordance with the prayer of the bill.

On the 9th day of March, 1875, the Franklin Savings Bank filed a bill in the same court, to set aside the decree in the original suit, alleging it was owner and holder of the indebtedness secured by the deed of trust to Ogden; that that fact was known to Gaytes when he filed his bill for specific performance, and that all contrary allegations were untrue; that no memorandum of alleged sale was made; that the lots were sold at a sacrifice, and by mistake, and that had it been made a party it could have successfully defended.

On the hearing, the court entered a decree *pro forma*, setting aside the decree in the original suit, and declaring the deed made under it null and void, but without prejudice to the right of Gaytes to bring another suit, if he should be so advised. Defendant Gaytes brings the case to this court on appeal.

Messrs. HERBERT & QUICK, for the appellant.

Messrs. HOWE & RUSSELL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Without entering upon any discussion of the merits of this case, we think the court failed to enter the proper decree. It appears complainant is, and was, holder of the bonds secured by the deed of trust from the Riverside Improvement Company to Ogden, and whether that fact was known to defendant when he filed his bill to compel conveyance to himself of the lots he alleges he purchased at the sale under the deed of trust, is involved in much doubt by the evidence. But in any event, complainant, or whoever was owner of the indebtedness, was a necessary and indispensable party to that suit. Such

owner could alone be affected by the decree. Ogden, being a mere trustee, had no real interests in the premises.

Whether defendant had actual knowledge who were owners of the bonds, it was his duty to make inquiry on that subject. Had he done so, no difficulty would have been experienced in ascertaining names and residence of owners of the bonds for payment of which, and coupons attached, the property was about to be sold. Surely, Ogden, acting trustee, must have known who had declared all bonds due on account of failure to pay interest then matured, and on whose behalf he was making sale of the property, and, no doubt, would have disclosed all necessary information.

Nothing appears in the facts of the original case to take it out of the general rule, that all parties whose interests would be directly affected by the decree, should be parties to the bill, otherwise they can not be concluded by any action of the court. Of course, no one is bound by a decree to which he is not a party, nor by a decree against another party, although acting on his behalf, who has no real interest in the subject matter of litigation. Before any one is concluded by judicial sentence, he must have his day in court. Where no such opportunity is afforded, any one aggrieved, if application is made within reasonable time, may have such decree against him set aside upon terms that shall be considered equitable, and be let in to make his defense to the cause as though he had been made party defendant. That is the extent of the relief that ought to have been granted in this case. When that is done, all rights of the respective parties may be fully investigated and determined.

But treating this as a bill for review, on account of want of proper parties to the original suit, or as a bill for general relief, the law seems to be, the decree complained of may be opened, and the aggrieved party let in to make his defense. *Alexander* v. *Stevens*, 7 B. Monroe, 351; Mitford's Pleading, 92.

The decree will be reversed, and cause remanded for further proceedings.     *Decree reversed.*