WILLIAM R. CLARK *et al.*

*v.*

MICHAEL W. MANNING *et al.*

*Filed at Ottawa May 18, 1880—Rehearing denied September 13, 1880.*

1. MECHANIC'S LIEN—*time of commencing suit as against one made a party after filing the petition.* Under the statute which provides that a mechanic's lien shall not be enforced as against incumbrancers unless suit be instituted within six months after the last payment for the labor and materials shall have become due, if one not made a party at the time of filing the petition shall afterwards be made a party defendant, as to such defendant the suit will be regarded as commenced at the time he was made a party, and not before.

2. PARTIES—*petition for mechanic's lien—incumbrancer by deed of trust.* Where it is sought to enforce a mechanic's lien, under the statute, against an

incumbrancer whose debt is secured by deed of trust appointing a third person as the trustee, it is not enough that the trustee be made a party,—the owner of the indebtedness himself, as his interest alone is to be affected by the decree, is an indispensable party.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook County; the Hon. S. M. MOORE, Judge, presiding.

Mr. GEORGE C. FRY, for the appellants.

Mr. F. C. INGALLS, and Mr. WILLIAM LAW, Jr., for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

When this cause was heard on the former appeal, it was adjudged petitioners were entitled to a lien for the amount due them for work and labor done and materials furnished in erecting the building on the premises, as against the owner of the fee. 90 Ill. 380.

On the remandment of the cause to the Superior Court a decree was rendered in conformity with the opinion of this court declaring a lien in favor of petitioners on the premises, but subject to an incumbrance in favor of a defendant not made a party when the original bill was exhibited. That decree on appeal was affirmed in the Appellate Court, and petitioners again bring the case to this court.

There is no disagreement as to the facts, and the controversy now is, which has priority, the mechanic's lien or the mortgage incumbrance? The last work done by petitioners was on the 29th of July, 1873, when the building was turned over to the owner and the work was then accepted by him as having been done in conformity with the contract, and on that day the owner became obligated to pay the balance due under the contract. On the 29th of May, 1873, the owner of the property, his wife joining with him, executed a deed of trust to Henry L. Hammond, as trustee, to secure a loan of money made by defendant Laurence to the

owner of the property embraced in the deed. The original petition herein was filed on the 18th day of December, 1873, to which Hammond was made a party, but Laurence, the owner of the indebtedness secured by the trust deed, was not made a party until July 3, 1874, when the petition was amended by making him a party.

It is provided by our statute that no creditor shall be allowed to enforce the lien given by the mechanic's lien law "as against or to the prejudice of any other creditor or incumbrancers, unless suit be instituted to enforce such lien within six months after the last payment for labor or materials shall have become due and payable." The remedy given the mechanic or material-man is purely statutory, and unless enforced in the manner and within the time prescribed in the statute, he can have no lien that will prevail against other creditors. It will be observed that, although the suit was instituted against the owner, and trustee named in the deed of trust, within six months after the last payment for work done by petitioners became due, the party owning and holding such indebtedness was not made a party until long after the expiration of that period. It is insisted it was sufficient to make the trustee a party to bar the rights of the *cestui que trust.* A contrary construction of the section of the statute cited has been sanctioned by a number of recent decisions of this court, so that it need not now be discussed as a new question.

In *Dunphy* v. *Riddle*, 86 Ill. 22, it was held, a suit in mechanic's lien proceedings, although commenced against the owner of the property, can not be considered as commenced against a creditor or incumbrancer having an interest in the property until he is made a party, and unless he is made a party within six months after the last payment for work done or materials furnished becomes due, the mechanic or material-man can obtain no priority as against such creditor or incumbrancer. To the same effect is *Crowl* v. *Nagle*, 86 Ill. 437.

*Scanlan* v. *Cobb*, 85 Ill. 296, was a proceeding to set aside

and cancel a deed of trust on account of the alleged insanity of the grantor, and it was held the person whose debt was secured, as well as the trustee, was an indispensable party to the bill.

The case of *Gaytes* v. *Franklin Savings Bank*, 85 Ill. 256, is more nearly like the one at bar, both as to facts and the principle declared. There, as in this case, the trustee named in the deed of trust was made a party, but not the person whose debt was secured, and the holder of such indebtedness was declared to be an indispensable party, for the reason his interest alone would be affected by the decree—the trustee having no real interest in the subject matter of the controversy. That is precisely the case here. Laurence, whose debt was secured by the trust deed, was not made a party by amendment to the petition within six months after the last payment became due the mechanics for work done for the owner of the property, and under the construction given to the statute he will not be allowed to enforce his lien to the prejudice of such incumbrancer.

The decree will be affirmed.

*Decree affirmed.*