## WILLIAM D. KERFOOT

### v.

### TIMOTHY CRONIN et al.

*Filed at Ottawa Nov. 10, 1881—Opinion on rehearing filed Sept. 27, 1882.*

1. APPEAL—*whether freehold is involved.* A bill filed to foreclose a deed of trust, which also seeks to show title in the maker of the trust deed under an unrecorded conveyance to him by a person under whom the defendants claim title as innocent purchasers for value, without notice of such unrecorded deed, and to have the defendants' title made subordinate to the complainant's rights under the deed of trust and to the title of the grantor in the deed of trust, involves a freehold, within the meaning of the statute giving an appeal from the trial court directly to this court when a freehold is involved in the litigation.

2. RECORDING LAW—*when record of deed is notice of existence of deed and recitals therein, and to whom.* The recitals in a recorded deed or bond bind no one except the grantors and those claiming under them by grant subsequent to the record of such deed. A purchaser is not chargeable with notice of every fact that may appear of record, without regard to whether it falls within the line of his chain of title; but if he is chargeable with notice of a recorded deed, he will also be held to notice of all its recitals.

3. The purchaser of land is not chargeable with notice of the record of an existing deed for the same land from one person to another, both of whom are apparently strangers to the title of the purchaser's grantor, and not being chargeable with notice of the existence of such deed, though it is recorded, he will not be held to constructive notice of any recitals contained in it.

4. Where A, in whom the record showed no title, made a deed of trust to B for certain real estate, which was recorded, and recited it was given to secure two notes of the grantor to C, in whom the record of deed showed the title for the purchase money of the property, and C indorsed and sold the notes, and after the record of the trust deed sold and conveyed the premises to innocent parties for value, who had no knowledge of any prior conveyance by him to A, or of the deed from A to B, or the recitals therein, it was *held*, that the record of the deed from A to B was no notice to such subsequent purchasers from C of the existence of the deed or of any of its recitals, A and B both being strangers to the chain of title acquired by such purchasers.

5. PURCHASER—*evidence of purchase for value as against prior unrecorded deed.* The recital of payment of the consideration in a subsequent purchaser's deed for land, is sufficient evidence of a purchase for value as against the rights of parties claiming under a prior unrecorded deed from the same grantor, until rebutted.

39—105 ILL.

6. EVIDENCE—*right of several parties to cross-examine witnesses.* It would seem quite clear that in case of separate and distinct defences each party defendant would have a right to cross-examine as to any matter specially affecting his peculiar defence, no matter how numerous the parties may be; but in case of a common defence the cross-examination should be limited, within a reasonable discretion, to the necessities of the case. No inflexible rule can be laid down.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. W. T. BURGESS, for the appellant:

The record of the deed from Hansbrough, for the use of Walker, was notice to the defendants, none of whom claimed title of Walker until after such record. Walker was the substantial party to whom this deed was made. He is the real grantee in the deed.

A purchaser is chargeable with notice of every instrument, and the contents and legal effect thereof, from or to his immediate or remote grantor, relating to the title to the lands he purchases, at the time he puts his own conveyance of record. *Chicago, Rock Island and Pacific R. R. Co.* v. *Kennedy,* 70 Ill. 350; *Clark* v. *Manning,* 95 id. 580; *Gaytes* v. *Franklin Savings Bank,* 85 id. 256; *Morrison* v. *Brown,* 83 id. 562.

It was incumbent on defendants below to show a valuable consideration paid for the land. *Chaffin* v. *Heirs of Kimball,* 23 Ill. 39; *Powell* v. *Jeffries,* 4 Scam. 387; *Smith* v. *Wright,* 49 id. 403; 1 Daniells' Chancery Practice, 698.

The production of a deed reciting payment of a consideration is no evidence of that fact under the issue made in this case. *Stone* v. *Duvall,* 77 Ill. 345; *Boone* v. *Chiles,* 10 Pet. 177; *Moshier* v. *Knox College,* 32 Ill. 155; *Partridge* v. *Chapman,* 81 id. 140.

Walker and his privies in estate with notice, are, under the circumstances of the case, estopped to deny the fact of a deed to Hansbrough conveying this land to him.

Messrs. McCoy & Pratt, for a part of the appellees.

Messrs. Rosenthal & Pence, for the appellees Greenebaum, Foreman, and others:

A purchaser is not chargeable with constructive notice of any instrument of record, unless it be in the chain of title, or be made by one in some way connected with the property involved in interest, and brought to the notice of the purchaser. *Carbine* v. *Pringle*, 90 Ill. 306; *Irish* v. *Sharp*, 89 id. 265; *St. John* v. *Conger*, 40 id. 535; *Manly* v. *Pettee*, 38 id. 128; *Dexter* v. *Harris*, 2 Mason, 531.

No deed, in point of fact, was ever executed or delivered by Walker to Hansbrough, and the indebtedness for which the Hansbrough security was pledged to Page & Sprague has been paid, and their receiver has no right to this security.

Messrs. Bisbee & Ahrens, Messrs. Gault & Low, and Messrs. Rubens & Hiestand, for the appellees:

That the recitals in the deeds are evidence of the payment of the purchase money, counsel cited *Wightman* v. *Hart*, 37 Ill. 123; *Stone* v. *Duvall*, 77 id. 475.

Mr. Justice Scholfield delivered the opinion of the Court:

Bill was filed by appellant, in the circuit court of Cook county, against Timothy Cronin and many others, on the 21st of May, 1880, alleging, among other things, that on or about the 10th of May, 1872, Samuel J. Walker, being seized in fee of certain real estate therein particularly described, made and duly acknowledged and delivered to William Hansbrough a deed of that date, whereby, for the consideration of $25,000 therein expressed to have been paid to him, he and his wife, Amanda M. Walker, conveyed said lands to said Hansbrough, in fee, with covenants of warranty, and release of dower, etc.; and it is then alleged that this deed is not in complainant's possession, but he begs leave to refer to

the same when produced, or its contents are proved.  It is also alleged that on the same day, and as a part of the same transaction, and to secure the payment of said consideration, Hansbrough made his two promissory notes, each dated that day, for $12,500, payable to order of said Walker, with interest at eight per cent, one at one and the other at two years from date; that each of said notes was indorsed by said S. J. Walker in blank, about the time of their date; that before their maturity they were sold and delivered by Walker to Page & Sprague, for a valuable consideration by them paid to him, and they were subsequently assigned by them to complainant; that at the time of giving said notes and receiving said deed, and also as a part of the same transaction, Hansbrough made a deed of trust to Samuel M. Moore, trustee, on said real estate, to secure the payment of said promissory notes, which deed of trust, it is alleged, was recorded, and thereafter became notice to all persons purchasing from Walker.  And it is also further alleged that a large sum remains due and unpaid on the promissory notes; that certain persons, named defendants, claim an interest in the property, but that they acquired their interest with notice of, and subordinate to the rights of complainant.  The prayer is for a foreclosure, etc., and for general relief.  The answers deny the execution and delivery of the deed by Walker to Hansbrough, and all knowledge thereof, and also all knowledge of the deed of trust from Hansbrough to Moore.  The court below decreed that the bill be dismissed, and from that decree complainant prayed and perfected the present appeal.

A preliminary question, raised by a motion to dismiss the appeal, made before the hearing and held up for further consideration, is, does this court have jurisdiction?  The ground of the motion is, that the case is one that ought to have gone by appeal, in the first instance, to the Appellate Court.  Of course it ought not to come here unless it involves a freehold, for it is plain it does not fall within either of the other classes

of cases that may be brought here, in the first instance, by appeal from the trial court. A majority of the court, however, are of opinion that the case does involve a freehold, and, consequently, that the appeal is well brought. To authorize a decree for the complainant, title must be established in Hansbrough, or it must be shown that the defendants are estopped,—in other words, legally compelled to admit title in him. It is put in issue by the answers whether Hansbrough has such title, or the defendants are legally compelled to admit that he has; and the effect of a finding upon either of these issues, as against the defendants, is not simply to postpone them to Hansbrough's deed of trust to Moore, but also to Hansbrough's title. If they are postponed to that title, they do not have even an equity of redemption in the property. The motion to dismiss must be overruled.

The first question made by counsel for appellant upon the merits of the case is, was the record of the deed of trust from Hansbrough to Moore notice to the defendants, they taking title from Walker subsequent to the recording of that instrument. The evidence fails to prove, with sufficient certainty, that a deed was, in fact, ever delivered by Walker to Hansbrough. The record fails to disclose such deed. Walker, himself, testifies that such deed was made, but that it was never delivered. Hansbrough shows he has no reliable recollection on the subject. His impressions were, at first, that such a deed was delivered to him, but, at last, that there was no delivery, and it is not claimed that there are other witnesses testifying in regard to it.

The trust deed from Hansbrough to Moore contains this recital, in declaring the trust upon which it was made: "Whereas, the said party of the first part (Hansbrough) has made his two certain promissory notes, bearing date May 10, 1872, payable to the order of Samuel J. Walker, one and two years, respectively, from the date thereof, at the Second National Bank of Chicago, Illinois, said notes being for the

sum of $12,500 each, and bearing interest at the rate of eight per cent per annum, payable annually, said notes being given for the purchase money to be paid for the premises hereinafter described," etc. The contention of counsel for appellant is, this is constructive notice to all thereafter dealing with Walker in regard to the property, that he has sold and conveyed it to Hansbrough, as well as of the fact that Hansbrough has conveyed it in trust to secure the payment of the specified indebtedness, and in support thereof he cites *Gaytes* v. *Franklin Savings Bank*, 85 Ill. 256, *Clark* v. *Manning*, 95 id. 580, *Chicago, Rock Island and Pacific R. R. Co.* v. *Kennedy*, 70 id. 350, *Morrison* v. *Brown*, 83 id. 562, *Stumpf* v. *Osterhage*, 94 id. 119, and *Chicago* v. *Witt*, 75 id. 211.

In *Gaytes* v. *Franklin Savings Bank*, 85 Ill. 256, bill was filed for review of a decree of the circuit court in case of a bill for specific performance, on the ground of a want of proper parties. The trustees, under deeds made to secure payments of indebtedness, were made parties, but the holders of the indebtedness were not. The court held, where property is sold by a trustee under a power in a deed of trust given to secure the holders of bonds and coupons, and the purchaser files a bill for specific performance to compel the trustee to execute a deed, the holders of the bonds, being the real parties in interest, are indispensable parties. The relief there sought, it will be observed, was by a party claiming under the deed of trust, and no question arose in regard to notice, either actual or constructive. It was simply decided that the equity of the holders of the bonds made them indispensable parties in a proceeding the direct effect of which might be to disturb those equities.

In *Clark* v. *Manning*, 95 Ill. 580, the proceeding was to enforce a mechanic's lien. There was there, also, no question of notice, either actual or constructive, and all that was decided was the same as in *Gaytes* v. *Franklin Savings Bank, supra*, namely, that the holder of a debt secured by a trust

deed, as well as the trustee, is an indispensable party in a proceeding to affect his equity.

In *Chicago, Rock Island and Pacific R. R. Co.* v. *Kennedy*, 70 Ill. 350, it was said: "Where deeds are recorded, a purchaser is put on inquiry as to the title, and must be held to have examined the records and seen the deeds thus recorded. Again, when recitals are contained in a deed in the chain of title, he will be presumed to have seen and read it, because a prudent man is presumed to have examined the title before he purchases, and thus has had such notice as would put him on inquiry as to the nature and extent of the claim or incumbrances referred to in the recital, and it is his duty to examine the record and to ascertain what it contains relating to the title before he purchases, and failing to do so he is charged with the consequences of his neglect." This, however, was said in reference to incumbrances, etc., disclosed by tracing back a chain of title under which the party concluded held, and following up what the record disclosed in reference thereto. It was not intended to, and does not, when properly understood, assert the broad and unqualified doctrine that every purchaser or mortgagee is charged with notice of every fact that may appear of record, without regard to whether it falls within the line of his chain of title or not. It establishes that a party charged with notice of the existence of a deed is bound to know what it recites, and, therefore, if it were here conceded or established that the defendants were chargeable with a knowledge of the existence of Hansbrough's trust deed to Moore, it would be an authority for holding that they, constructively, knew that it was given to secure the payment of the purchase money. But these defendants do not claim under Hansbrough, and the case is not an authority for holding they were bound to know of Hansbrough's transactions, disconnected from actual or constructive knowledge, apart from his deed to Moore, that he derived title from Walker.

In *Morrison* v. *Brown*, 83 Ill. 562, it was held, under the statute then in force, that a deed of trust by a married woman upon her real estate, in which her husband did not join, was void as a conveyance, but that it was good notice of the recitals therein so as to protect the vendor's lien. This lay within the line of the chain of title, the ruling being against a subsequent purchaser from the married woman.

In *Stumpf* v. *Osterhage*, 94 Ill. 119, the ruling was, the recitals in a recorded deed or bond will bind no one except the grantors and those claiming under them by grant subsequent to the recitals, and so, instead of supporting, is an authority against the position of counsel.

All that was decided in *Chicago* v. *Witt*, 75 Ill. 211, was, that recorded deeds are not notice of the existence of prior unrecorded deeds. What was said as to what might be the law in some supposable case, was mere supposition, and not the announcement of a rule of law binding upon the court.

Counsel say, Walker, by a deed to himself, of record, recites that he has conveyed this property to Hansbrough, and all these parties claim title under him since that deed was put on record. We are aware of no such deed. There is, in the evidence, no deed from Walker to any one prior to the title of the defendants. The deed of trust, as a link in a chain of title, is simply a deed from Hansbrough to Moore. Walker's interest is not in the title, but in the proceeds of the sale. Moore, and not Walker, would have to convey to pass any interest vested by Hansbrough's deed. In *Irish et al.* v. *Sharp et al.* 89 Ill. 261, Wightman, claiming to be the owner of the lot in controversy, sold the same to Cyrus A. Sharp, on July 15, 1867, taking for the purchase money his two notes, of $125 each, payable, respectively, one and two years after date, with ten per cent interest. Cyrus A. and Andrew J. Sharp entered into the possession of the lot, erecting thereon a frame dwelling house and other improvements, when, on July 17, 1868, they sold the same to Robert G.

Moore for $500, assigning to him Wightman's bond, and taking from Moore two notes, of $224.50 each, payable in one and two years, securing the payment of the same by a mortgage on the lot, which was duly recorded on July 12, 1868. On April 1, 1869, Moore sold the lot to Cook, assigning to him Wightman's title bond. On July 15, next thereafter, Wightman, upon the surrender by Cook to him of the title bond he had executed to the Sharps, executed and delivered to Cook a warranty deed for the lot, and destroyed the bond. This deed was duly recorded. Cook took possession immediately on his purchase from Moore, and occupied the premises until October 3, 1872, during which time he paid Hubert, who had bought Moore's notes, the note first due, and portions of the second note,—he being cognizant of Moore's mortgage. On the 3d of October, 1872, Cook sold and conveyed the lot to Amanda E. Irish. She denied all knowledge and notice of the mortgage, and of the several transactions, and claimed to be a purchaser in good faith. The facts there, it would seem, therefore present quite as strong a case against Sharp as do the facts here against the defendants. In both cases the mortgages are on record, and in both there is an absence of anything on record showing that the mortgagor had obtained the title claimed by the defendants. It was there held that Sharp was not affected by the mortgage, because it did not lie in the proper and regular chain of title. The case is sustained by *Manly* v. *Pettee*, 38 Ill. 128, to which reference is made in the opinion, and it has been since followed by *Carbine* v. *Pringle*, 90 Ill. 302, and, as has been seen, the same principle was announced in *Stumpf* v. *Osterhage, supra.*

The principle contended for by appellant's counsel would, as we conceive, require every record that might possibly affect real estate to be thoroughly examined before a party could be protected in taking a title to or lien upon real estate, the expense and burden of which would practically put an end

to all transactions of that kind. The law imposes no such burden. In the present instance the defendants were only required, in the absence of actual notice, to see whether the records showed any, and what, deeds by or judgments against Walker. They were not required to run through with the alphabet, and see if, by possibility, in some deed, no matter by or to whom, it is mentioned that the grantee is a trustee for Walker, and that the deed is made to secure the payment of the purchase money.

The position is pressed, with some earnestness, that these defendants are in no position to question appellant's right to have a foreclosure because they have not affirmatively shown they are purchasers for value. The deeds under which they claim recite the payment of a consideration, and this, until rebutted, is sufficient. *Stone* v. *Duvall*, 77 Ill. 475. See, also, *Wightman* v. *Hart*, 37 id. 123.

In taking evidence counsel objected to more than one counsel cross-examining the witnesses of appellant. It would seem quite clear that in case of separate and distinct defences each party would have a right to cross-examine as to any matter specially affecting his peculiar defence, no matter how numerous the parties might be; but in case of a common defence there could be no necessity for this, and the cross-examination should be limited, within a reasonable discretion, to the necessities of the case. Obviously no inflexible rule on the subject can be laid down. We can not say there was any abuse of discretion shown here which calls for our interposition.

We see no cause to disturb the decree below. It will therefore be affirmed.

*Decree affirmed.*

Mr. JUSTICE SCOTT: With that portion of this opinion that holds a freehold is involved in this litigation I do not concur, but with that part that discusses the merits of the case I do agree.

Subsequently, upon a rehearing of this case, the following additional opinion was filed:

Mr. JUSTICE MULKEY: The simple question involved in this case is, whether a purchaser of a piece of land from Samuel J. Walker is chargeable with notice of the record of an existing deed for the same land from William Hansbrough to Samuel M. Moore, who are, and were, apparent strangers to Walker's title.

It is earnestly insisted by appellant that because it appears, from the contents of the deed from Hansbrough to Moore, that that deed was made for the benefit of Walker, it must, therefore, for the purposes of notice, within. the meaning of our recording laws, be treated precisely as if made directly to Walker, which would bring it within the line of Walker's title. This, as we conceive, is a mere begging of the question, for if a purchaser is not chargeable with notice of the. record of a deed because it apparently has no connection. with or relation to the title he is purchasing, it is difficult to perceive on what principle he can be held affected with the contents of such deed. The rule is well settled that where one is chargeable with notice of the record of a deed, he is equally affected with notice of all recitals contained in such deed; and we understand the converse of this rule to be equally true, namely, that where one is not chargeable with notice of the record of a deed because apparently between strangers to his title, he will not be deemed to have constructive notice of any recitals contained in it.

If the Hansbrough deed had been made absolutely to Moore without disclosing any interest in Walker, it is conceded a purchaser from Walker would not be affected with constructive notice of either the record or contents of that deed, and to say that because the recitals in that deed, which is *prima facie* between parties who are total strangers to Walker's title, show an interest in the latter, therefore all purchasers from Walker are chargeable with notice of such recitals,

would be equivalent to holding that in such cases one will be affected with notice or not, according to the character of the recitals,—that is, if they do not affect him in any way he will be deemed to have no notice of them, otherwise he will. Such a construction of our recording laws would make them a mere snare, and lead to great hardships. Hansbrough and Moore are apparent strangers to Walker's title, and hence purchasers from the latter are not presumed to know anything about the Hansbrough deed, and it is only by examining the recitals in it that we ascertain the fact that Walker has any interest in the subject of the conveyance. .

Our reconsideration of this case but confirms us in the views heretofore expressed. We therefore adhere to the former opinion filed in it.