## McClair et al. v. Huddart.

1. Parties.

The *cestui que trust* is an indispensable party where the plaintiff, in an action to foreclose a mechanic's lien, seeks a decree establishing the priority of his right as against the title represented by a trust deed.

2. Appellate Practice—Partial Reversal.

Where the record involves several matters, and a part has been rightfully adjudicated, the reversal should only extend to what will

include the error committed, if it be remediable, either by amendment of the decree or by subsequent proceedings in the case.

*Error to the District Court of Arapahoe County.*

Mr. Brinton Gregory, for plaintiffs in error.

Messrs. Collier & Stevick, for defendant in error.

Bissell, J., delivered the opinion of the court.

Samuel McClair was the owner of six lots in block 19, Arlington Heights addition to Denver in Arapahoe county. He entered into a contract with Huddart and Jacobson to prepare plans and specifications for some buildings to be erected on the lots. The employment contemplated not only the preparation of the plans, but also the general supervision of the construction of the buildings and the performance of those duties which generally devolve on architects under such circumstances. Jacobson died and Huddart rendered the balance of the services and claimed to have earned the fee which McClair agreed to pay for the work. Part of the sum was paid and Huddart sued for a balance of $385. Some dispute arose between the parties concerning the engagement and the amount of compensation to be paid, and Huddart filed a lien under the statute and brought the present suit to foreclose it. The action was brought against the owner and divers other parties who were named as defendants, and who were alleged to claim some lien on the property. One of the defendants was Roswell W. Holmes, named as trustee. The rights and interests of McClair and the other parties need neither be stated nor considered. We are not advised by the record as to the terms of the trust laid on Holmes, otherwise than as appears from a motion to set aside the judgment and decree filed by the North America Loan & Trust Co., which claimed to be the owner of the note secured by the deed which McClair made to Holmes. This note was for $31,225, payable five years from date, and given on the 1st of Febru-

ary, 1892. Holmes denied all the allegations of the complaint and the statement as to the inferiority of the lien which he represented. All these denials were statutory, as to want of sufficient knowledge or information on which to base a belief. Holmes did not set up by way of cross complaint or by way of defense the existence of his trust deed, or the nonpayment of the note or its existence as an outstanding obligation in the hands of the Trust Company or the original payee, Campbell. When the case was tried, it was tried solely on the issues tendered by the owner as to the terms of the contract and the amount which was due under it. As to the last item the contest respected both the value of the services and the character of the performance. The case was tried to the court, who found with the plaintiff and entered a decree for its foreclosure. The lien was adjudged to have priority over any interest of the other parties and over the deed of trust and incumbrance. There was no finding in respect to Campbell, who was named as the original payee of the note, but who would seem not to have been served or to have been brought in.

The form of the decree was erroneous. The error, however, only relates to so much of it as adjudges the mechanic's lien to be prior to the lien of the trust deed. It will be observed from the statement that the *cestui que trust*, who was the holder of the note, was not made a party, nor were his rights in any wise adjudicated except as they may be taken to be affected by the decree against the trustee. It is pretty clearly settled by the authorities that in cases of this sort the *cestui que trust* is an indispensable party where the plaintiff seeks a decree establishing the priority of his right as against the title represented by the trust deed. 2 Jones on Liens, sec. 1580; Phillips on Liens, sec. 394; *Clark et al. v. Manning et al.*, 95 Ill. 580; *Gaytes v. Franklin Savings Bank*, 85 Ill. 256; *Scanlan v. Cobb*, 85 Ill. 296; *McGraw et al. v. Bayard et al.*, 96 Ill. 146; *Roman v. Thorn & Gorrie*, 83 Ala. 443; *Bennitt et al. v. Bloomington Star M. Co.*, 119 Ill. 9; *Paddock et al. v. Stout et al.*, 121 Ill. 571.

Since the original payee was not a party and the transferee was not brought in, there could be no foreclosure of the mechanic's lien as against the trust deed and no adjudication that the lien was prior in time and in right to that security. There is nothing in the record which will enable us to determine as a matter of fact what the rights and equities of these parties may be. It is quite possible if Campbell or the Trust Company or both had been brought into the suit and the question of priority had been presented and litigated, a decree could have been entered establishing the priority of the plaintiff's claim. In the absence of those parties no such adjudication was possible. This difficulty, however, does not compel the reversal of the decree as an entirety. As between the owner and the plaintiff and all the other parties in interest, the legality and justness of the plaintiff's claim has been adjudicated and its amount determined, and those defendants cannot relitigate these matters.

It is not always necessary to set aside the entire judgment and give parties another opportunity to retry a question which has been fairly investigated and fairly determined. We conclude that as between the plaintiff and the owner and all parties in interest, save the *cestui que trust*, the matter of the terms of the contract and its performance and the sum due have been entirely and correctly settled by the trial court. Under such circumstances those parties should not be permitted to relitigate these questions. Of course, the decree cannot be taken to conclude the present holders of the note. It stands, however, as a cloud upon the title and those parties should have their day in court.

The judgment must therefore be reversed as to so much of it as adjudges the mechanic's lien to be prior in right and time to the lien of the trust deed and valid as against the holders of the note. To this extent therefore the judgment will be reversed and remanded to the court below with directions either to modify the decree, or, if the parties are so advised, the plaintiff should be permitted to amend his complaint and make the holders of the note parties to the suit.

They will then be permitted to file such answer and cross bill for the maintenance and protection of their rights as they may be advised. To this extent the judgment below will be set aside and opened for further proceedings in conformity with these conclusions. If the plaintiff should conclude not to take this course, the decree will simply be amended by the court below, and the judgment establishing the priority of the lien over the trust deed eliminated from the entry. This proceeding seems to be in accord with the general rule which prevails in such cases. Elliott on Appellate Procedure, sec. 580.

This course has been recently pursued by the supreme court under somewhat analogous circumstances, though no opinion was delivered on the subject. It accords, however, with what ought to be the law. Where a record involves several matters and a part has been rightfully adjudicated, the reversal should only extend to what will include the error committed if it be remediable either by amendment of the decree or by subsequent proceedings in the case. The course suggested will protect the rights of all the parties and leave the unaffected portion of the judgment to stand.

The judgment of the court below will therefore be reversed and the case sent back for further proceedings in conformity with this opinion.

*Reversed.*