### General Fire Extinguisher Company v. John P. Lundell.

1. MECHANICS' LIENS—*Parties—Limitations.*—Creditors represented in a trust deed are not bound by proceedings for a mechanic's lien upon the premises unless they are made parties, and no creditor will be allowed to enforce the lien given by the mechanic's lien law unless his suit is instituted to enforce such lien within the time fixed by the statute.

2. EQUITY PRACTICE—*Refusal to Refer.*—The refusal to refer a case to a master in chancery is no ground for reversal where there is nothing in the record to show that the appellant has been in any way damaged by the refusal.

**Bill in Equity.**—Appeal from the Circuit Court of Winnebago County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

BLAKE & RECKHOW, attorneys for appellant.

MARSHALL & TAGGART, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a bill in equity by appellee, the assignee of certain judgments rendered on thirteen notes, given by the Rockford Folding Bed Company to thirteen of its creditors,

dated May 24, 1893, secured by a trust deed given by the Bed Company on its "plant" in Rockford in which Wm. Marshall was trustee, bearing same date as the notes; the aggregate amount of the notes, at the time of the giving the trust deed, was $39,000. The deed of trust was in the ordinary form, with this provision : "It is further provided that in case it shall appear that any liens or prior incumbrances, valid as against this deed of trust, exist, then the trustee may adjust the same with the person or persons entitled thereto."

The Bed Company, on June 13, 1873, confessed judgment on said thirteen notes, and the bill avers that they were unpaid, and that the Bed Company made an assignment of all its property for the benefit of its creditors on the same date, and admits a payment of thirteen and three-eighths per cent dividend on said claims; that the appellee, John P. Lundell, during the summer and fall of 1895, bought up all of said indebtedness, and took an assignment of judgment, and notes; that trustee Marshall refuses to foreclose the trust deed, and that he brings the foreclosure suit as sole owner. The bill further recites the sale of the real estate in question by the assignee, A. J. Anderson, to William Nelson, and sale by Nelson to A. C. Bower, and that Bower was then sole owner of the fee; states settlement and discharge of Anderson. The bill further recites commencement of mechanic's lien suits, September 6, 1893, against the Bed Company, the assignee and Wm. Marshall, trustee, by General Fire Extinguisher Company and others; the finding of a lien in its favor for $2,791.46, and other amounts in favor of other parties, and the decree of sale providing and decreeing that the mortgage or trust deed to the defendant Wm. Marshall, mentioned in his answer filed therein, was subsequent and subject to the mechanics' liens adjudged and decreed to said General Fire Extinguisher Company and others. It also avers that none of the parties secured by the trust deed were in any manner made parties to such mechanic's lien proceedings, and such proceedings were null as to each and all of them; recites the

sale of the premises under the lien decree August 9, 1894, to
John M. Kennedy for $8.554.56, being the amount of liens
allowed with cost of suit and sale; that the premises were
bought by Kennedy by agreement, and his purchase was
in trust for all lienors, and alleges lien decree to be a cloud
on the title and prays for an accounting that the moneys
due complainant be decreed as first lien on the plant, and for
sale of plant, etc. The Bed Company, Wm. Marshall, A.
C. Bower, John Kennedy and others impleaded with the
General Fire Extinguisher Company, were made parties.
The General Fire Extinguisher Company, among other
things, admits the mechanic's lien proceedings as alleged,
but charges that the thirteen parties secured by trust deed
did appear in such lien proceedings and defend against the
lien, and that every right which either of them had was
guarded and preserved by their attorneys, Marshall and Tag-
gart, and charges that Marshall, not only as trustee, but
that Marshall and Taggart were general attorneys for the
creditors in the trust deed named in all matters connected
with the Bed Company, before a trust deed was given,
and after that, as such attorneys, they appeared and de-
fended against lien proceedings; admits sale of Kennedy,
and claims its rights, by virtue of lien decree, are superior to
trust deed.

The General Fire Extinguisher Company filed a cross-
bill setting up the bill and the answer, and the facts therein;
makes Lundell defendant, and asks that the lien decree be
made absolute against Lundell. The Fire Extinguisher
Company moved to refer the cause to the master to take
evidence. The motion was overruled and the cause went to
hearing before the court on evidence. The court dismissed
the cross-bill and rendered a decree of foreclosure and sale
in favor of appellee in accordance with the prayer of the
bill and found the amount of the indebtedness due appellee to
be thirty thousand dollars; made twenty-five thousand a first
lien on the premises, and found that none of the trust deed
creditors were made parties to the mechanic's lien proceed-
ings; that none of them appeared or in any manner defended

the same, and ordered sale in default of the payment of $25,000 within twenty days.

The appellant, the General Fire Extinguisher Company, prosecutes its appeal to this court and asks a reversal of the decree so far as it affects its title and interest under the mechanic's lien proceedings.

It is insisted that the parties who own the judgments secured by the trust deed had their day in October in court, and that they were, although not actual parties to the suit of the mechanic's lien foreclosure, actually represented by Marshall and Taggart, and defended those lien proceedings fully and vigorously by their said attorneys.

It is not claimed or insisted that the creditors represented in the trust deed were not necessary parties to the mechanic's lien proceedings, nor is it claimed that the appellant has not lost its lien as against such creditors by not proceeding against them within the time required by the statute.

That they were necessary parties has been frequently held by the Supreme Court of this State. McGraw et al. v. Bayard et al., 96 Ill. 153; Scanlan v. Cobb, 85 Ill. 296.

The law appears to be well settled that the *cestui que trust* is not bound unless made a party, and that no creditor will be allowed to enforce the lien given by the mechanic's lien law as against or to the prejudice of any other creditor or incumbrancer unless the suit be instituted to enforce such lien within the time fixed by the statute after doing the labor or furnishing the materials. Clark et al. v. Manning et al., 95 Ill. 580, and cases there cited.

As to the matter of fact of whether Marshall had any authority by himself alone, or by himself and Taggert, from the judgment creditors to defend against the mechanic's lien suit as their attorneys, or did undertake to defend for them, we have to say the evidence fails to support such a charge.

Marshall defended as trustee, and so clearly stated in his answer in the lien proceedings, and did not pretend to be defending as the attorney of the creditors. In fact he had no authority from them. He acted for them in taking judg-

ments on the notes and that was about the extent of his
authority and that was before the institution of the me-
chanic's lien proceedings.

The refusal to refer the case to the master in chancery
was no ground for reversal; there is nothing in the record to
show that the appellant was in any way damaged by the
refusal.

We regard the assignment of the Monticello Bank claim
to appellee, to be sufficient to pass an equitable title to him
and authorize him to bring this suit upon it.

Seeing no error in the record, the decree of the court
below is affirmed.