Reed, P. J.,
delivered the opinion of the court.
This was a suit brought in equity by appellant against appellees to remove a cloud upon the title of plaintiff to a certain building lot in the city of Denver.
Prior to June 5, 1893, William Noltie was the owner of the lot, and very shortly before that date conveyed it without consideration to Morgan Price, for the purpose of having Price secure a loan upon it for the use and benefit of Noltie, so that the name of the latter would not appear in the transaction. On the 5th of June, 1893, Price borrowed from The Sprague Investment Company $2,500, made his note payable to the company, and executed a trust deed upon the property to Wellington G. Sprague, as trustee, to secure the payment of the note. Noltie received the proceeds, and on the same date Price reconveyed the property to Noltie. For the purposes of this case the intervention of Price in the affair will be disregarded and the transaction treated as that of Noltie.
Previous to the Price trust deed, in May, Noltie commenced to build upon the lot in question, and the building was in course of construction at the time of the making of the Price trust deed. Sometime in June appellant purchased the Price note from The Sprague Investment Company. No notice was put of record of the transfer nor personal notice given to any of appellees. The $2,50.0 was not paid by The Sprague Investment Company to Noltie at the time the Price note was given,-—-was partly paid. The balance remaining with the company was drawn from time to time as the building progressed. Previous to September, 1893, the building was completed, and Noltie was indebted to The Conine-Eaton Lumber Company, and others of appellees, for material and labor in its construction. The parties to whom the money was due, not knowing that the note had been transferred, applied to the Sprague Company for information, were not then informed as to the transfer, but were informed that there was probably money enough in the hands of the com *227 pany to the credit of Noltie to pay the demands against the building.
Failing to get payment, the Lumber Company and other claimants within the statutory time commenced proceedings to establish liens against the property.
Suit was brought by the Lumber Company on the 1st of November, 1893, in which The Sprague Investment, Company and W. G. Sprague and others were made defendants; but plaintiff having no knowledge of the transfer of the note, and supposing from the statements and conduct of the Investment Company that it was still the owner, plaintiff was not made a party. Some time before the trial appellant was informed by his attorneys of the bringing and pending of the suit,— did not intervene nor defend, took no part in it.
The testimony shows that The Sprague Investment Company never informed lien claimants who was the owner of the note, but at all times conveyed the idea that it was the owner.
In November, 1894, the case came on for trial. Neither the Investment Company nor W. G. Sprague disclaimed or asked substitution of appellant. It appeared upon the trial from the evidence that the appellant was the owner. The lien claimants, plaintiffs in the former suit, testify that upon the trial was the first knowledge they had of the interest and claims of appellant.
Judgments and decrees of liens were entered in favor of the claimants and against the defendants, including the Investment Company, that had not disclaimed, and against W. G. Sprague, trustee.
In the summer of 1894, W. G. Sprague, on default of payment of interest, advertised the property for sale under the trust deed. It was sold July 24,1894, bid in by appellant’s agent, the amount of the sale indorsed upon the note, a deed made to ■ appellant, ■ who went into the possession of the property.
Sometime subsequent to the decrees of November 1,1894, the property was sold under the decrees in the lien suits, purchased by appellees, or some of them, and a deed executed *228 and delivered by the sheriff. Appellant claimed a superior title, and alleged the invalidity of the lien title and that it was a cloud upon his title, and prayed for its removal. There was a decree for the defendants, from which an appeal was prosecuted to this court.
It is contended by counsel for appellant that he was an indispensable party, and that, not having been made a party in the lien proceedings, he is not concluded by them nor his title in any way affected. The validity of this claim is the only question presented for determination in this case. The proceeding to create and enforce liens of mechanics, laborers and material men, is purely statutory. Any material departure from the provisions of the statute invalidates the proceedings ; but, like all other cognate aets, courts are required to liberally construe the statute to effectuate the intention of the legislature and give the beneficiaries under the act the right and remedy sought to be established. The provisions of the statute necessary to be considered are :
“Any number of persons claiming liens and not contesting the claims of each other may join as plaintiffs in the same action, and when separate actions are commenced the court may consolidate them upon motion of any party or parties in interest or upon its own motion. Upon such procedure for consolidation, one case shall be selected with which the other eases shall be incorporated, and all the parties to such other eases shall be made parties defendant in said case so selected. All persons having claims for liens, the statements of which shall have been filed as aforesaid, shall be made parties to the action. Those claiming liens or [who] fail or refuse to become parties plaintiff, or for any reason shall not have been made such parties, shall be made parties defendant. Any party claiming a lien not made a party to such action may, at any time before the trial of the action or before the final hearing of the case by the court, be allowed to intervene by motion, upon cause shown, and may be made a party defendant on the order of the court. The court shall fix the time for such intervenar to plead or otherwise proceed. The *229 pleadings or other proceedings of such intervenor thus made a party shall be the same as though he had. been an original party. Any such defendant, by way of answer, shall set forth by cross-complaint his claim and lien. Likewise such defendant may set forth in said answer defensive matter to any claim or lien of any plaintiff or co-defendant, or otherwise deny such claim or lien. Any such defendant may, by his answer, set up that there are other persons who claim liens upon the property described, naming them, and asking that they be summoned to appear and maintain the same. Thereupon an amended summons shall issue in like form as the original, but so modified as to make parties defendant of the persons so named in the answer in addition to the other defendants. Said last-named summons shall be served upon such new defendants as in other cases. The owner of the property to which such lien shall have attached shall be made party to the action.” Gen. Stats., sec. 2152; Mills’ Ann. Stats., sec. 2888.
“ It shall be sufficient to allege in the complaint in relation to any party claiming a lien, whom it is desired to make a defendant, that such party claims a lien under this act upon the property described.” Gen. Stats., sec. 2158.
In section 2161, Gen. Stats., it is provided: “ The practice under this act shall be in accordance with the Code of Civil Procedure of the state of Colorado.” The sections of the code necessary to be considered are:
Section 16, chap. 1, Laws of 1887: “ The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had-without the presence of other parties, the court shall order them to be brought in.”
Sec. 17: “ When in a civil action, a person not a party thereto, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be brought in, and upon due service upon the adverse *230 party of his complaint or answer, the same proceedings shall he had as if he had been an original party to the action.”
Sec. 22: “Any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both.” * * *
Also section 2149, Gen. Stats., as follows: “ All such liens shall relate back to the time of the commencement to do work or to furnish materials, and shall have priority over any and every lien or encumbrance subsequently intervening, or which may have been created prior thereto, but which was not then recorded, and of which the lienor under the act had no notice.” * * *
Appellant evidently bases his contention on the last clause of section 2152: “ The owner of the property to which such lien shall have attached shall be made a party to the action.”
The note and conveyance by trust deed to W. G. Sprague, as trustee, to secure the Investment Companj^'were executed June 5, 1893, and the note assigned to appellant sometime during the same month. The sale of the property under the trust deed and purchase for appellant by his agent occurred July 24,1894. By the provisions of the statute, section 2149, the lien attached in May, 1893, and the suit to enforce the liens had been pending eight months when appellant acquired title by sale of the property..
The liens, relating back to the commencement of the construction, had attached nearly a month before the execution of the trust deed. The statute requires “the owner of the property to which such lien shall have attached ” to be made a partju Did the conve}mnce in trust to secure a loan invest either the trustee or cestui que trust with the title within the purview of the statute? If so, which of them, or both? It is clear that if any title passed by the trust conveyance it was to the trustee, not to the cestui que trust, and that he did not become invested with any title until the sale and purchase, July 24, 1894.
In Phillips on Mech. Liens, sec. 397, it is said: “ A mort *231 gagee is not an ‘ owner ’ within the meaning of the mechanic’s lien law, and is not entitled to a notice of a suit upon a lieu claim. The owner, under such a statute, of the legal estate is alone to be made a party.”
The construction of the word “owner” in the statute of the state of New Jersey, where, as in our statute, it is required that the owner be made a party, was directly adjudicated in Tompkins v. Horton, 25 N. J. Eq. 284, in which it was said: “It is evident that by the word ‘owner,’ in this section, is meant the person for whom, as the owner of the land, the building is constructed.”
That trust deeds are mortgages with power of sale, and only differ from mortgages by providing for sale without foreclosure, see Denver B. & M. Co. v. McAllister, 6 Colo. 261; Dupee v. Rose, 37 Pac. Rep. 567; Story’s Eq. Juris., sec. 1018; 1 Jones on Mort., sec. 62; 2 Jones on Mort., sec. 1769; 2 Perry on Trusts, sec. 602b; Eaton v. Whiting, 3 Pick. 484; Sargent v. Howe, 21 Ill. 148; Chaffee v. Fourth Nat. Bank, 71 Me. 514; Shillaber v. Robinson, 97 U. S. 68; Railway Co. v. Doyle, 11 Fed. Rep. 253.
Giving the word “ owner ” the construction warranted by the decisions directly upon the question, we conclude that at the inception of the suit appellant was not an “owner,” and was not by the statute required to be made a party.
Appellants’ counsel asserts, “ in foreclosing a mechanics’ lien, the beneficiary in a trust deed is a necessary party,” and in support of the statement cites Clark v. Manning, 95 Ill. 580; Gates v. Franklin Bank, 85 Ill. 256; and Phillips on Mech. Liens “as to parties.” These are the only authorities in support of the contention. We cannot find in Phillips on Mech. Liens the authority for the contention. Liens being purely creatures of statute, Mr. Phillips cites and discusses the statutes of several different states, in some of which mortgagees are specifically made necessary parties; but when discussing statutes like our own, where there is no provision requiring them to be made parties, he clearly states, as in the paragraph above cited, that “ a mortgagee is not *232 within the meaning of the mechanic’s lien laws and is not entitled to a notice of a suit upon a lien claim.”
In Clark v. Manning, supra, relied upon by counsel, occurs the following, which I cite in support of the position stated above: “The remedy given the mechanics or material man is purely statutory, and, unless enforced in the manner and within the time prescribed in the statute, he can have no lien that will prevail against other creditors.”
The difference between the statutes of Illinois under which the decisions were made and our statutes is very marked.
In section 2161, Gen. Stats., occurs the following: “The practice under this act shall be in accordance with the Code of Civil Procedure of the state of Colorado.” The statute in force in the state of Illinois at the time of the decisions cited was as follows :
“ For the purpose of bringing all parties in interest before the court, the court shall permit amendments to any part of the pleadings, and may issue process, make all orders requiring parties to appear, and requiring notice to be given, that are or may be authorized in proceedings in chancery, and shall have the same power and jurisdiction over the parties and subject, and the rules of practice and proceedings in such eases shall be the same as in other eases in chancery, except as is otherwise provided in this act.”
“In proceedings under this act all persons interested in the subject-matter of the suit, or in the premises intended to be sold, may, on application to the court wherein the suit is pending, be made or become parties at any time before final judgment.”
“ Parties in interest, within the meaning of this act, shall include all persons who may have any legal or equitable claim to the whole or any part of the premises upon which a lien maybe attempted to be enforced under the provisions of this act.” Cothran’s Ann. Stats. (Ill.), chap. 82, secs. 9-12, 13-28.
. It will be seen that the proceeding in Illinois is purely a chancery proceeding, controlled by the rules and principles *233 governing that court, and shall embrace “ all persons who may have any legal or equitable claim to the whole or any part of the premises,” etc. This is sufficiently broad to embrace an incumbrance and require the owner to be made a party, and in section 28 it is clearty shown that a person having an incumbrance was included in those mentioned as necessary parties.
The proceeding in Illinois being a purely chancery proceeding, and mortgagees being specially included in the statutes, while the proceeding here is under the Civil Code and the statute designating who shall be parties, and mortgagees not being included, are, according to a well-known maxim of construction, excluded. The decisions in the state of Illinois have no controlling significance. The statute not only designating parties, but fixing an absolute limit as to the time in which proceedings shall be instituted, it would seem that the status 'of the parties at the time of bringing the suit must control; and, appellant not being an owner, and as a mortgagee not under the statute a necessary party, I conclude that, as far as appears from the record and facts, the suit was properly brought.
The statute of limitations to the bringing of the action compelled the bringing of the suit at the time it was brought to prevent a bar, and the question of parties must be determined as of that date.
It is contended that it was the duty of the lien claimants to ascertain who held the indebtedness, and then make appellant a party. The trust deed was of record, the notice it convej'ed was that the Investment Company was a beneficiary. It and the trustee were made parties. It is shown that the lien claimants had no knowledge of the ownership of the note by appellant until the trial of the case, November 1st. The claims for lien had been of record over a year. Appellant admits knowledge of the pendency of the proceedings for months. The Investment Company declined to disclaim and give the plaintiffs a better writ by disclosing the name of the owner. Appellant declined or failed to inter *234 vene, and it is now claimed that, not having been made a party, and having had “no day in court,” he was not concluded by the litigation. Such contention cannot prevail. His rights as owner did not accrue until July 24,1894. Had he been brought in by the plaintiffs-, it would have been, under the authorities, a new suit, and barred by the statute. Ample provision is made both in the General Statutes and the Code for appellant to intervene and protect any interest he had. Failing to do so, he cannot take advantage of it, nor can the lieu claimants be prejudiced by it. I can find no provision or authority in the statute for lien claimants to bring in parties whose rights did not accrue until after the institution of the suits.
In section 2149, Gen. Stats., it is provided that the lien shall relate back to the time of the commencement to do the work or furnish the material, and shall have priority over any subsequent lien or incumbrance.
At the time of making the trust deed to the Investment Company, the building was in course of construction. The Investment Company took the security subject to any liens or disabilities arising or which might arise under the contract for construction. Appellant acquired by the assignment no greater rights or better security than that of his assignor. From the assignment in June, 1893, until July, 1894, he was a mortgagee. On that date he took title as owner, subject to all liens that attached under the former owner. The suits to enforce liens had been in existence for eight months. Appellant and his counsel admit that he had notice of the pendency of the suit “long before the suit was tried.” The statute gave him the right to intervene and interpose any legal defense he may have had. Failing to do so, he must be deemed to have waived the right to become a party.
There is no assertion of any legal defense of appellant against the claims of the lien claimants, and, having failed to avail himself of his statutory rights, he should not be heard to say that the lien judgments were not valid against the property by reason of appellees failing to do for him what lie *235 declined to do for himself. To give the statute the construction contended for by counsel would be unjust and oppressive, and might in many instances prevent lien claimants from enforcing any rights under the statutes.
We do not undertake to determine what, if any, right of redemption appellant had or has, nor do we intend to preclude him from asserting any right he may have. The question must be determined on the case made when a suit is brought for that purpose.
In construing a statute identical in its provisions with ours, it is said, in Tompkins v. Horton, supra, in addition to the paragraph cited above : “ The title of a purchaser at a sheriff’s sale under an execution, issued upon a judgment recovered under a mechanic’s lien, general as against the owner and special as against the lands, is paramount to all incumbrances put upon the property after the commencement of the building.”
The judgment of the district court must be affirmed.

Affirmed.