Shinn v. Shinn.

## WILLIAM H. SHINN ET AL.
### v.
## HORACE B. SHINN ET AL.

1. FORECLOSURE—PURCHASE BY MORTGAGOR—FRAUDULENT, HELD A REDEMPTION.—When, for the purpose of defeating a junior mortgagee or creditor, a prior mortgage is foreclosed and the property is bought in at the foreclosure sale with money furnished by the mortgagor, a court of equity has the undoubted right to defeat the intended fraud by treating the holders of the legal title, who are mere volunteers having pa'd nothing for it, and those holding under them with notice of the mortgagees' rights, as trustees of the insolvent mortgagor, and subject the title in their hands to the rights of his mortgagee; or if necessary, to prote t the rights of the mortgagee against the title bought with the money of the mortgagor and held in trust for him, to hold the payment of his money for the certificate of purchase as a redemption from the foreclosure sale.

2. PARTIES.—The purchasers of a deceased mortgagee's interest, not his executor, are the representatives of the rights secured to the mortgagee, and are the proper persons to be made parties to a foreclosure proceeding under an adverse mortgage.

3. TITLE—NOTICE.—Title purchased with notice of adverse claims will not be rendered invalid thereby, if derived from a *bona fide* owner without notice.

ERROR to the Circuit Court of Moultrie county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed May 22, 1884.

Mr. S. M. SMYSER and Messrs. CRAIG & CRAIG, for plaintiffs in error; as to *res adjudicata,* cited Kinney v. Knoeble, 51 Ill. 112.

A purchaser in ignorance of any fraud will be protected: 1 Story on Equity Jurisprudence, §§ 381, 434; 3 Washburn on Real Property, 299; Dennis v. McCagg, 32 Ill. 429; Gavagan v. Bryant, 83 Ill. 380; Peck v. Arehart, 95 Ill. 117; Bradley v. Luce, 99 Ill. 234.

As to purchase *lis pendens:* 2 Blackford R. 259; Stone v. Connelly, 1 Met. (Ky.) 654; Jones v. Lusk, 2 Met. (Ky.) 356; Clarkson v. Morgan, C. B. Mon. 441; Gates v. Franklin Savings Bk., 85 Ill. 256; Fergus v. Woodworth, 44 Ill. 385; Wade on Notice, § 336.

It is not proper in a foreclosure suit to try a title paramount to that of the mortgagor. The only proper object of the suit is to bar the mortgagor and those claiming under him: Pelton v. Farmin, 18 Wis. 234; Summers v. Bromley, 28 Mich. 125; Rathbone v. Hooney, 58 N. Y. 463; Merchants Bank v. Thompson, 55 N. Y. 7; Brundage v. D. & F. (Miss.) 60; San Francisco v. Lawton, 18 Cal. 465; Helsey v. Abbott, 13 Cal. 609.

Messrs. EDEN, CLARK & MOUSER, for defendant in error; cited Dunlap v. Wilson, 32 Ill. 523; Oliver v. Piatt, 3 How. (U. S.) 333.

HIGBEE, J. This was a bill filed in the Moultrie Circuit Court by Horace B. Shinn against Clement L. Shinn, William

H. Shinn, Mary A. Kenney, Hezekiah M. Ashmore, Jacob Zimmerman, administrator of H. J. Ashmore, and Albert C. Burnham, as trustee of Austin M. Ward, defendants, to foreclose a mortgage executed to the said Horace B. by Clement L. on January 6, 1865, to secure the sum of $5,000.

Prior to the execution of this mortgage the parties thereto, Horace B. and Clement L. Shinn, had been joint owners of the mortgaged premises, having purchased the same from one Ebenezer Noyes on the 13th day of September, 1864, on which day they executed to him a mortgage on said premises to secure the purchase money amounting to $3,000, which was duly recorded on the day of its execution.

At the November term, 1869, of the Moultrie Circuit Court, a decree of foreclosure was rendered on the Noyes mortgage in favor of one Thomas B. Trower, who had purchased the same, against the mortgagors, Clement L. and Horace B. Shinn, both of whom were parties and had been served with process. A sale of the mortgaged premises was made under this decree by the master in chancery, and Trower became the purchaser, and subsequently sold and assigned his certificate of purchase to William H. Shinn and Mary A. Kenney, in consideration of $5,140.91, to him paid; and on the 25th day of March, 1871, the time of redemption having expired, they received a deed from the master therefor, which was recorded on the same day.

The bill in the case now under consideration seeks to subject the title of William H. Shinn and Mary A. Kenney thus acquired, to the payment of a mortgage debt due from Clement L. to Horace B. upon the ground, as alleged in the bill, that they purchased the same with full knowledge of the rights of the complainant, Horace B., and paid for it with the money of the said Clement L. Shinn.

Answers were filed to this bill by the defendants, except Burnham, who was defaulted. Clement L. Shinn also filed a cross-bill asking that an account be taken of certain partnership accounts alleged to exist between him and the said Horace B. Shinn, and that the amount found to be due him be applied in satisfaction of his mortgage debt to Horace.

It further appears that on June 25, 1872, while the title of record stood in the names of William H. Shinn and Mary A. Kenney, they borrowed from one Austin M. Ward the sum of $5,000, giving their note payable in five years with interest at the rate of ten per cent. per annum therefor, and to secure the same, executed to Albert C. Burnham a trust deed in the usual form upon the premises in controversy, which was then recorded.

On a former hearing of the cause the court found as to the rights of William H. Shinn, that the title conveyed to him was purchased and paid for with the money of Clement L. Shinn; that the conveyance was fraudulent as against the rights of complainant, and that he held the title by him so acquired in trust for Clement L., subject to his mortgage to Horace B., and as to such interest the mortgage was foreclosed by the decree. The cross-bill of Clement L. was dismissed; the court found that Mary A. Kenney was an innocent purchaser without notice; that her rights were superior to those of the complainant, and that as such purchaser she was entitled to 120 acres of the lands in controversy, and the said William H. Shinn to 280 acres, subject to the lien of complainant's mortgage.

From this decree an appeal was prosecuted to the Supreme Court, where the same was reversed and the cause remanded at the January term, 1879, and reported as Shinn et al. v. Shinn et al., 91 Ill. 483.

That court held that the cross-bill of Clement L. was properly dismissed; that the decree of the trial court was erroneous and must be reversed for two reasons. First, because Austin M. Ward was not only a proper, but a necessary party to the bill. Second, because the conveyance to William H. Shinn and Mary A. Kenney, vested each with an undivided moiety of the whole, and not to separate and distinct interests in proportion to the money paid by them, and that the decree finding that Shinn owned and was entitled to 280 acres and Mrs. Kenney to only 120, was not in accordance with the rights of the parties. In the opinion of the court, satisfaction was expressed with the finding of the trial court that Mrs.

Shinn v. Shinn.

Kenney was a *bona fide* purchaser for a valuable consideration, and dissatisfaction with the finding that the money of Clement L. paid for the part of the premises conveyed to William H. Shinn. It was said by the court that the evidence did not sustain this conclusion. The decree was reversed and the cause remanded for further proceedings in consonance with the opinion.

On a second hearing the decree was the same as the first, except as to the interests of William H. Shinn and his sister, Mrs. Kenney, which were made to conform to the views of the Supreme Court, by giving to each a moiety, and from this decree the present writ of error is prosecuted to this court.

It is now contended by counsel for plaintiffs in error, that the Supreme Court having found, as stated in the opinion, that the evidence did not sustain the allegation that the conveyance from the master to William H. was paid for by the money of his father, Clement L. Shinn, that question was *res adjudicata*, and the circuit court erred in not so treating it, and in receiving additional evidence on that subject.

This contention is not well founded. Under the Practice Act, the Supreme Court has the power in case of partial reversal to give such judgment or decree as the case may require or to remand the same for further proceedings, either with or without instructions, for the guidance of the trial court, which are obligatory on the inferior court and must be obeyed by it in all further proceedings had in the cause; but when, as here, the cause is remanded for a new trial in consonance with the opinion of the appellate court, without any specific directions, what was said by that court in reference to the weight of evidence must be understood as applying only to the facts as disclosed in the record then being considered, and only the legal principles announced are binding on the inferior court, and are to be observed in the future trial of the cause. It is the duty of the trial court, when justice demands it, to permit amendments to the pleadings and the taking of additional evidence, and the case should be tried upon all the proof in the record at the hearing, the new as well as the old. As was said in Chickering v. Failes, 29 Ill. 302, it by no

means follows that other facts may not be proved, within the principle announced, which will obviate the objections to granting the relief sought, or to the allowance of the defense interposed. As sustaining the views here expressed, see also Rising v. Carr, 70 Ill. 597; Hugh v. Harvey, 84 Ill. 310; Blatchford v. Newberry, 100 Ill. 484.

The additional evidence admitted by the court on the new trial of the cause, so far as the purchase of William H. Shinn was concerned. tended most strongly to sustain the charge in the bill that it was paid for by the money of his father, and it was properly admitted and considered by the court.

It is next insisted by plaintiffs in error, that William H. Shinn and Mrs. Kenney, and those holding under them, represent a prior adverse title which can not be litigated in this suit, and numerous authorities are referred to to sustain the doctrine that in a suit to foreclose a mortgage, one who holds adversely to the title of the mortgagor and prior to the mortgage can not be made a party defendant for the purpose of trying the validity of his adverse claim of title. The correctness of the rule contended for is not controverted, but it has no application to the case under consideration. It is true, as contended, that the deed from the master in chancery to William H. Shinn and his sister, relates back to the date of the Noyes mortgage, which was anterior to the date of the mortgage sought to be foreclosed, but the bill does not attack the validity of the title under the Noyes mortgage. Its scope and object is not to litigate the validity of that title but to postpone it to the rights of Horace B. Shinn, under his mortgage from Clement L. Shinn, for the reason, as alleged, that it was purchased and paid for with the money of Clement L., and the conveyance made to his children. If these allegations are true, a court of equity has the undoubted right to defeat the intended fraud by treating the holders of the legal title, who are mere volunteers having paid nothing for it, and those holding under them with notice of complainants' rights, as trustees of the insolvent mortgagor and subject the title in their hands to the rights of his mortgagee; or if necessary to protect the rights of the mortgagee against a title bought

with the money of the mortgagor and held in trust for him, we see no reason why the court should not hold the payment of his money for the certificate of purchase as a redemption from the foreclosure sale of the Noyes mortgage.

The bill is very defective and meager in its statement of facts, but it is not obnoxious to the objection under consideration.

It is also contended by plaintiffs in error that the decree must be reversed for want of proper parties to the suit.

As already stated, the Supreme Court held that Ward was not only a proper but a necessary party to the suit, and reversed the decree for the reason, among others, that he was not made such; and under this ruling, unless he or those holding his interest and representing his rights were made parties before the final trial of the cause, the decree must again be reversed.

While the case was pending in the Supreme Court, Austin M. Ward died, and after it was remanded, but before any steps were taken toward making new parties, Burnham, the trustee named in the deed of trust, by virtue of the power therein contained, at the request of the executor of Austin M. Ward, default having been made in the payment of the money thereby secured, sold the premises to Julian J. Beall for $4,100, cash, being more than sufficient to pay the amount remaining due said estate, and on September 2, 1879 (the day of the sale), the said trustee executed and delivered to Beall, the purchaser, a deed, and thereupon Beall conveyed by deed to Isaac B. Craig. Both of said deeds were recorded on the day they were executed, September 2, 1879. On the 4th day of September, 1879, two days after said deeds had been recorded, the complainants, by leave granted by the judge, at chambers in vacation, filed an amendment to the bill, making Delia B. Ward executrix of Austin M. Ward, deceased, a party defendant to the suit. Before she was made a party she had received the money due the estate by the sale of the land under the deed of trust. She had no covenants to protect, neither she nor the estate she represented, had any interest in the subject-matter of the suit, and she was not a proper party to the bill.

The title held under the trustee's sale related back to the date of the trust deed, and the owners thereof were possessed of all Ward's former rights, and were the only persons interested in sustaining their validity. They, not Ward's executrix, were the representatives of the rights secured to Ward, and as such, entitled to their day in court, and the court erred in proceeding to a final hearing without making them parties.

To enable the court to control the legal title, Burnham, the trustee, was a proper party to the bill; he had no interest in the trust property, nor was he bound to defend the interests of the *cestui que trust;* his default therefore established nothing prejudicial to the rights of the real parties in interest. Fergus v. Woodworth, 44 Ill. 385; Bayard v. McGraw, 1 Bradwell, 143; Clark v. Manning, 4 Bradwell, 653; Perry on Trusts, Sec. 520; Gates v. Franklin Savings Bank, 85 Ill. 256; McGraw v. Bayard, 96 Ill. 146; Clark v. Manning, 95 Ill. 580.

' Before the trial of the cause, David K. Morrison and Cora R. Shinn presented a petition to the court, stating that they were the owners by purchase of the title conveyed by Burnham to Beall and by him to Craig, and asking leave of the court to be permitted to appear and defend the same. This the court refused, and proceeded to decree that the lien of complainant to the one half of the premises held by William H. Shinn was prior and superior to the lien of the Ward deed of trust, under which petitioners claimed title. In this we think the court erred.

It is claimed by defendant in error that the holders of this title purchased pending the suit, and that they were chargeable with both actual and constructive notice of the rights of complainant. They claimed through Ward, who as a mortgagee must be treated as a purchaser. At the time he loaned his money to William H. Shinn and Mrs. Kenney, there was no suit pending; the title of record stood in their names; their father professed to be in possession as their tenant, and we are unable to discover by the record before us that Ward, when he parted with his money and took the deed of trust to secure it, had any notice that the land had been paid for by the money of their father, or that he had any rights adverse to

their title.   And even if the present owners of the title through the Ward trust deed purchased with notice, that would not render their title invalid if they derived it from a *bona fide* owner without notice.   Bradley et al. v. Luce et al., 99 Ill. 234.

But whatever the rights of the complainant in the bill as against the holders of this title may be, no binding decree can be made until they are afforded an opportunity to be heard in defense of their rights.

Decree reversed and cause remanded.