## Samuel F. Rush et al. v. Jonas M. Rush et al.

1. PRACTICE—*Status of Remanded Cases.*—Where the ground of a reversal is of a character to be obviated by an amendment of the pleadings or the introduction of additional evidence, a case on a general remand is before the court for trial and other proceedings the same as it was originally.

**Bill for Relief.**—Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 6, 1896.

KAY & KAY, attorneys for appellants.

CHARLES W. RAYMOND, attorney for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This case was in this court on former appeal and the decree reversed and the cause remanded to the Circuit Court, with general directions to that court to proceed in the case as to law and justice should appertain.

The case will be found reported in 53 Ill. App. 454. The facts of the case are fully stated there, and it will not be necessary to restate them here.

When the case was sent back for retrial the court below admitted a large amount of additional testimony on the same issue of fact as the case was tried on before, *i. e.*, whether appellee Jonas Rush, who was collecting the Pierce notes of $1,500 under an appointment of him as trustee of the other heirs so to do, was acting strictly under such appointment, or whether he had directions from the heirs interested to buy Pierce's hay on account of the heirs, which he did, and it resulted in a loss to them, instead of demanding the money for the rent.

The point is first made here, by counsel for appellant, that the court erred in allowing additional testimony on that disputed question of fact, contending that the matter was *res adjudicata* when this court decided the case against Jonas Rush, the appellee, when it was remanded, and that the court below had no right to hear new evidence on this trial.

Upon this contention, we think, the appellant is in error. The case was decided by us against Jonas Rush on the evidence then presented, and what the court said must be looked upon from the standpoint of the case as it then appeared.

Where a decree is reversed and the cause remanded for further proceedings as was done in this case, then the case is submitted to the court below "in precisely the same condition in all respects as it occupied before the trial in that tribunal." Chickering v. Failes, 29 Ill. 294; Cable v. Ellis, 120 Ill. 139; Shinn v. Shinn, 15 Ill. App. 141, and same case, 91 Ill. 483; Maynussan v. Charlson, 32 Ill. App. 581. Where the grounds of reversal are of a character to "be obviated by subsequent amendments of the pleadings or the introduction of additional evidence," the case on general remand is before the court the same as it was originally. Mfg. Co. v. Wire Fence Co., 119 Ill. 30; see also West v. Douglas, 145 Ill. 164; Henning v. Eldridge, 146 Ill. 308. The court below therefore committed no error in admitting additional evidence.

The question then arises on the proof as it stood after the new evidence was introduced. The additional evidence introduced tended to show that after making the agreement appointing appellee Jonas Rush to collect the rent in question, of date August 3, 1891, that all the appellants authorized him to purchase the hay of Pierce on the rent account; also that the hay was delivered at the depot for shipment as the property of the heirs of Rush, deceased, and that Jonas Rush, appellee, purchased it and treated it as such from the start. Laird, the principal witness, after considering the matter, testified that Jonas Rush was authorized at the signing of the paper, August 3, 1891, to purchase the hay of Pierce, on appellants' account. It is true this is positively denied by appellants, but we think the preponderance of the disinterested evidence is in favor of the appellee Jonas Rush, and the case different from what it was when it was here before.

The decree of the court below is therefore affirmed.